IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK DALE FONTROY, I, )<br>      Plaintiff        )<br>                        )<br>      v.            )<br>                        )<br>JOHN WETZEL, et al.,  )<br>      Defendants.  )  | C.A. No. 13-242 Johnstown<br><br><br>Magistrate Judge Baxter |

## **OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter

### I. INTRODUCTION

#### A. **Relevant Procedural and Factual History**

Plaintiff Derrick Dale Fontroy, I, a prisoner formerly incarcerated at the State Correctional Institution at Laurel Highlands, Pennsylvania ("SCI-Laurel Highlands"),[2] instituted this *pro se* civil rights action on October 24, 2013, by filing a complaint pursuant to 42 U.S.C. § 1983 [ECF No. 4]. Plaintiff subsequently filed an amended complaint on March 25, 2014, which added Defendants and supplemented the allegations of the original complaint [ECF No. 43].[3] Named as Defendants are John Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections ("DOC"); Gail Beers, Mail Supervisor at SCI-Laurel Highlands

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 33, 36].

[2] Plaintiff is presently incarcerated at the State Correctional Institution at Somerset, Pennsylvania.

[3] Because Plaintiff apparently intended to incorporate the allegations of the original complaint [ECF No. 4] into his "supplemental complaint" [ECF No. 43], the Court will treat the original and supplemental complaints as a single combined amended complaint.

("Beers"); Michael Loughry, Business Manager at SCI-Laurel Highlands ("Loughry"); Dorina Varner (misidentified in the complaint as "Donna Verner"), the DOC's Chief Grievance Officer ("Varner"); Trevor (misidentified as "Thomas") Wingard, Superintendent at SCI-Laurel Highlands ("Wingard"); Andrea Weimer, Acting Business Manager at SCI-Laurel Highlands ("Weimer"); Cynthia Miller, mailroom clerk at SCI-Laurel Highlands ("Miller"); and two unnamed Defendants, John Doe and Jane Doe, who have not been further identified or served with the complaints in this matter.

Plaintiff alleges that Defendants Loughry and Beers refused to accept registered mail deliveries for Plaintiff, consisting of "investment and financial documentation" and dividend checks from "numerous corporations" apparently related to outside stock accounts maintained by Plaintiff and held jointly with other individuals. (ECF No. 4, Complaint, at ¶¶ 8-9). Plaintiff alleges that the mail was returned to the sending corporations, despite his desire to have dividend checks forwarded to an outside bank account. (Id. at ¶ 9). Plaintiff alleges further that Defendants Wetzel, Wingard, and Varner "encouraged, personally participated, directed, ratified and knowingly acquiesced in" the actions of Defendants Loughry and Beers. (Id. at ¶¶ 9, 10). Plaintiff also alleges that Defendants Weimer, Miller, and Beers "destroyed correspondences and core legal books purchased for litigation purposes" on many occasions from 2011-2013, and restricted him from receiving correspondence dealing with medical, legal, political and personal financial matters. (ECF No. 43, "Supplemental Complaint," at ¶¶ 6-7).

Based on the foregoing, Plaintiff claims that Defendants have retaliated against him, and have violated his First Amendment right to free speech, his right to access the courts, and his fourteenth amendment right to due process, as well as his rights under 42 U.S.C. §§ 1981, 1985

and 1986, and 18 U.S.C. §§ 241, 242, 1963, and 1964. As relief for his claims Plaintiff seeks monetary damages and injunctive relief.

On June 2, 2014, Defendants filed a motion to dismiss, or, in the alternative, motion for more definite statement [ECF No. 60]. In response, Plaintiff has filed a "Reply to Defendants' Motion for a More Definite Statement" [ECF No. 69] to which he has attached a number of copies of confiscation slips intended to address Defendants' concerns regarding the types of materials allegedly confiscated by Defendants, and the dates on which the confiscations occurred. Although Plaintiff's reply sheds some light on the facts at issue, there is still a great deal of uncertainty as to the specific nature, circumstances, and legal bases of Plaintiff's claims against each of the named Defendants. As a result, the Court will deny Defendants' motion to dismiss and will instead grant their motion for more definite statement on the terms more fully specified in the following Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, I, | ) | |
|     Plaintiff | ) | C.A. No. 13-242 Johnstown |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WETZEL, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## ORDER

AND NOW, this 31st day of March, 2015,

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 60] is DENIED, but their alternative motion for more definite statement [ECF No. 60] is GRANTED. Plaintiff is hereby ORDERED to file a single unified amended complaint, on or before April 30, 2015, against the named Defendants in this case only, and shall name the John and Jane Doe defendants. The amended complaint shall specifically set forth the particular actions allegedly taken by each Defendant, the date(s) of such actions, the bases for Plaintiff's claim(s) against each Defendant, and the relief sought. Any claims asserted against any additional Defendants or any unidentified John or Jane Doe Defendants will be dismissed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge