# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK DALE FONTROY, I, | ) | |
|     Plaintiff | ) | C.A. No. 13-242 Johnstown |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN WETZEL, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

Plaintiff Derrick Dale Fontroy, I, a prisoner formerly incarcerated at the State Correctional Institution at Laurel Highlands, Pennsylvania ("SCI-Laurel Highlands"),[2] instituted this *pro se* civil rights action on October 24, 2013, by filing a complaint pursuant to 42 U.S.C. § 1983 [ECF No. 4]. Plaintiff subsequently filed a "supplemental complaint" on March 25, 2014, which added Defendants and supplemented the allegations of the original complaint [ECF No. 43]. Because Plaintiff apparently intended to incorporate the allegations of the original complaint [ECF No. 4] into his "supplemental complaint," the Court treated the original and supplemental complaints as a single combined amended complaint, in which the following Defendants are named: John Wetzel ("Wetzel"), Secretary of the Pennsylvania Department of Corrections ("DOC"); Gail Beers, Mail Supervisor at SCI-Laurel Highlands ("Beers"); Michael Loughry,

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 33, 36].

[2] Plaintiff is presently incarcerated at the State Correctional Institution at Somerset, Pennsylvania.

Business Manager at SCI-Laurel Highlands ("Loughry"); Dorina Varner (misidentified in the complaint as "Donna Verner"), the DOC's Chief Grievance Officer ("Varner"); Trevor (misidentified as "Thomas") Wingard, Superintendent at SCI-Laurel Highlands ("Wingard"); Andrea Weimer, Acting Business Manager at SCI-Laurel Highlands ("Weimer"); Cynthia Miller, mailroom clerk at SCI-Laurel Highlands ("Miller"); and two unnamed Defendants, John Doe and Jane Doe.

On June 2, 2014, Defendants filed a motion to dismiss or, in the alternative, motion for more definite statement. On March 31, 2015, this Court issued an Opinion & Order [ECF No. 99] denying Defendants' motion to dismiss, but granting Defendants' motion for more definite statement [ECF No. 60] and ordering Plaintiff to file a single unified amended complaint against the named Defendants only, while identifying the John and Jane Doe Defendants. In particular, Plaintiff was directed to specifically set forth the particular actions allegedly taken by each Defendant, the date(s) of such actions, the bases for Plaintiff's claims(s) against each Defendant, and the relief sought. Plaintiff was further cautioned that any claims asserted against any additional Defendants or any unidentified John or Jane Doe Defendants would be dismissed. [ECF No. 99]. The second amended complaint was initially due to be filed by April 15, 2015; however, the Court subsequently granted Plaintiff two extensions of time, the last of which required Plaintiff to file his second amended complaint by July 9, 2015. [ECF No. 103]. A third extension request was denied. [ECF No. 106].

On August 4, 2015, Plaintiff filed a second amended complaint against the same Defendants, without identifying the John and Jane Doe Defendants. [ECF No. 108]. The

amendment appears to be incomplete, as the first page ends with paragraph 3, and the next page begins with the latter portion of paragraph 19. (See ECF No. 108, Second Amended Complaint, at pp. 1-2). Nonetheless, this complaint is deemed to have superseded the first two complaints and is the operative pleading in this case.

Plaintiff alleges that Defendants Loughry and Beers have "on a continuing basis arbitrarily and capriciously implemented a Rule, Policy, Practice and Procedure of erroneously and maliciously, returning plaintiff and his family members['] investment checks to the sender[,] [i]nstead of forwarding such to requested financial institution." (Id. at ¶ 1). He alleges further that Defendants Weimer, Miller, Wetzel, Varner, and Wingard have participated, encouraged, directed, ratified, and knowingly acquiesced in the actions of Defendants Loughry and Beers. (Id., ¶¶21, 24). As a result, Plaintiff claims that Defendants have violated his First and Fourteenth Amendment rights, as well as his rights under Articles I, Sections 9, 13, and 26 of the Pennsylvania Constitution. (Id. at ¶ 22). As relief for his claims Plaintiff seeks compensatory and punitive damages.

On August 13, 2015, Defendants filed a motion to dismiss second amended complaint [ECF No. 109] arguing that (1) Plaintiff has failed to state a claim upon which relief may be granted; (2) Defendants are entitled to qualified immunity; and (3) Plaintiff has failed to adequately allege the personal involvement of Defendants Wetzel, Wingard, and Varner. Plaintiff has since filed a response to Defendants' motion. [ECF No. 117]. This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552,

555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Qualified Immunity

The crux of Plaintiff's claims is that Defendants violated his "personal liberty interest in family matters" by unconstitutionally refusing Plaintiff's financial mail and prohibiting him from investing monies on behalf of his family without providing him with a meaningful opportunity to be heard. (ECF No. 117, Plaintiff's response, at p. 2). The financial mail at issue consists of stock purchase forms, bank statements, and "other financial information to financially support Plaintiff's family members." (Id.).

Defendants argue that they are entitled to qualified immunity from such claims because there is no clearly established constitutional right for an inmate to use the mail to manage stock investments from within a prison. The Court agrees.

In suits brought under 42 U.S.C. § 1983, "public officials are immune from suit … unless they have 'violated a statutory or constitutional right that was clearly established at the time of

6

the challenged conduct.'" City and County of San Francisco v. Sheehan, ___ U.S. ___, 135 S.Ct. 1765 (May 18, 2015) ("Sheehan") quoting Plumhoff v. Rickard, ___ U.S. ___, 134 S.Ct. 2012, 2023 (2014). The doctrine "exists to protect officers 'from undue interference with their duties and from potentially disabling threats of liability.'" Lash v. Lemke, 786 F.3d 1, 5 (C.A. D.C. May 15, 2015) quoting Harlow v. Fitzgerald, 457 U.S. 800, 806 (1982). "Qualified immunity 'gives government officials breathing room to make reasonable but mistaken judgments' and 'protects all but the plainly incompetent or those who knowingly violate the law.'" Messerschmidt v. Millender, ___ U.S. ___, 132 S.Ct. 1235, 1244 (2012) quoting Ashcroft v. al-Kidd, 563 U.S. 731, 131 S.Ct. 2074, 2085 (2011).

The analytical framework that district courts have traditionally employed in determining the applicability of the qualified immunity defense was set forth by the Supreme Court in Saucier v. Katz, 533 U.S. 194, 201 (2001). Qualified immunity involves two inquiries: 1) do the facts alleged show that a state actor violated a constitutional right? and 2) was that constitutional right clearly established so that a reasonable person would know that their conduct was unlawful? Id.[3] "Qualified immunity is an affirmative defense for which the government official bears the burden of proof." Harlow, 457 U.S. at 815.

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202. A right is "clearly established" if it is "sufficiently clear

---

[3] Courts are accorded discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S 223, 236 (2009).

that every reasonable official would have understood that what he is doing violates that right." Taylor v. Barkes, ___ U.S. ___, 135 S.Ct. 2042, 2044 (June 1, 2015) quoting Reichle v. Howards, ___ U.S. ___, 132 S.Ct. 2088, 2093 (2012).

However, "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the length of preexisting law the unlawfulness must be apparent." Hope v. Pelzer, 536 U.S. 730, 739 (2002). In order for an official "to have 'fair warning' [ ... ] that his or her actions violate a person's rights, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Burns v. Pennsylvania Department of Corrections, 642 F.3d 163, 176 (3d Cir. 2011) quoting United States v. Lanier, 520 U.S. 259, 270 (1997) and Anderson v. Creighton, 483 U.S. 635, 640 (1987). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." Al-Kidd, 131 S.Ct. at 2083.

Here, Defendants argue that there is no Supreme Court or Third Circuit Court of Appeals decision which establishes the constitutional right of an inmate to maintain financial accounts outside of prison, or to use the mails to buy and sell stocks. (ECF No. 110, Defendants' Brief, at p. 13). After exhaustive research, this Court has confirmed that no such constitutional right has been clearly established so as to put Defendants on notice that their alleged conduct was unlawful.

Moreover, Plaintiff's attempt to couch his claims under the Fourteenth Amendment, based on an alleged liberty interest in family matters, also finds little, if any, precedential support in the

context of prisoner litigation. In fact, Plaintiff's claim is substantially similar to the one the court rejected in Johnson v. United States, 2015 WL 1401069 (E.D.Ark. Mar. 25, 2015). In that case, the plaintiff argued that his due process rights were being violated because he was not able to provide financial assistance to his family members. As an initial matter, the court correctly observed that "inmate liberty interests are limited to freedom from restraint which imposes an atypical and significant hardship in relation to the ordinary incidents of prison life." Id. at *8, citing Sandin v. Conner, 515 U.S. 472, 484 (1995). The Johnson court then found that Plaintiff had failed to allege an atypical and significant hardship that would pass muster under the Sandin test and, thus, concluded that no liberty interest was implicated. Id. The same holds true here. Thus, Defendants are entitled to qualified immunity as to Plaintiff's constitutional claims, and the same will be dismissed.

### 2. Pennsylvania Constitution

To the extent Plaintiff attempts to raise claims for monetary damages under the Pennsylvania Constitution, Pennsylvania does not have a statute equivalent to 42 U.S.C. § 1983 that authorizes private lawsuits based on violations of the Pennsylvania Constitution. While the Supreme Court of Pennsylvania has not yet ruled on the issue of whether there is a private cause of action for damages under the Pennsylvania Constitution, federal courts in this Circuit have considered the issue and consistently held that no such private cause of action exists. See, e.g., Ryan v. General Machine Products, 277 F.Supp.2d 585, 595 (E.D.Pa. 2003); Douris v. Schweiker, 229 F.Supp.2d 391, 405 (E.D.Pa. 2002); Lees v. West Greene School Dist., 632 F.Supp. 1327, 1335 (W.D.Pa. 1986). Thus, Plaintiff's claims based on Defendants' alleged

violations of the Pennsylvania Constitution fail as a matter of law and will be dismissed.

### 3. John and Jane Doe Defendants

In this Court's Opinion & Order dated March 31, 2015, Plaintiff was directed to identify all John and Jane Doe Defendants in his second amended complaint, and was advised that any remaining unidentified Defendants would be dismissed. Plaintiff failed to comply with this Order and has persisted in naming unidentified John and Jane Doe Defendants in his second amended complaint. These Defendants are hereby dismissed for Plaintiff's failure to prosecute.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK DALE FONTROY, I,** | ) | |
| Plaintiff | ) | C.A. No. 13-242 Johnstown |
| | ) | |
| v. | ) | |
| | ) | |
| **JOHN WETZEL, et al.,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## ORDER

AND NOW, this 29th day of March, 2016,

IT IS HEREBY ORDERED that Defendants' motion to dismiss second amended complaint [ECF No. 109] is GRANTED.

IT IS FURTHER ORDERED that unidentified Defendants John Doe and Jane Doe are hereby DISMISSED for Plaintiff's failure to prosecute.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge